SAMUEL EATON vs. TURNER BUSWELL, administrator.

Somerset. Opinion June 5, 1879.

*Administration. Claim. Notice. R. S. 1872, c. 85, § 32.*

The giving the notice to an executor, or administrator, required by R. S. 1872, c. 85, § 32, of a claim against the estate before suit, is essential to its maintenance.

The want of such notice may be taken advantage of under the general issue.

ON EXCEPTIONS.

ASSUMPSIT against defendant as administrator of Joseph P. Buswell, late of Solon, deceased. Writ dated September 30, 1874, and contains count for $3,000 money had and received, and nothing else, and alleging the money was due from said Joseph P. Buswell and to the plaintiff.

It was admitted that defendant was administrator, and that said Joseph P. Buswell died September 13, 1872; but the defendant denied that any previous notice in writing and demand of payment were made by the plaintiff, as required by statute, before bringing this suit against him as administrator. The notice and demand relied on by the plaintiff was a letter, of which the following is a copy:

"Norridgewock, February 21, 1874. Mr. Buswell, Dear Sir: Jona. Eaton is here with statement of his affairs with estate of your father. From this statement it seems to me desirable for all parties that a settlement should be effected as early as practicable. I have suggested that a submission of all questions in dispute should be submitted to some impartial referee, with authority to determine what was equitable between you. Mr. Eaton, I think, will agree to this, and if you should assent it would easily be arranged. Yours truly, S. D. Lindsey."

No other evidence whatever was offered in relation to a previous notice and demand, or in relation to this letter, except the fact that it was produced in court by the defendant's counsel upon notice asking for it, and the plaintiff's counsel admitted that no other was given.

In order to allow the jury to pass upon the various questions

in dispute between the parties, the presiding judge, *pro forma*, overruled the objections to the alleged notice and demand of payment. The plaintiff claimed that in March, 1868, he was owing Judge Tenney about $1,300, which was secured by mortgage on land in Solon, the farm on which he lived; that he procured said Joseph P. Buswell to advance the money and take up said mortgage.

That, in order to secure said Buswell for said sum of money, Moses Eaton, brother of plaintiff and of Jonathan Eaton, on March, 18, 1868, conveyed to said Buswell, by deed of warranty, the farm aforesaid and other real estate in Solon; that previous to this time other real estate in Solon had been conveyed by said Samuel and Jonathan Eaton to said Buswell, as security for other sums loaned. That in the fall of 1869 said Buswell wanted his money, and on December 4, 1869, the plaintiff got Moses and Luther P. French to advance $3,000, which said Buswell claimed to be then due him, and on receipt of which he conveyed all of said real estate to said Samuel Eaton, who at the same time conveyed the same to said Moses and Luther P. French. And said Eaton claimed that the whole sum of $3,000 was not due said . Buswell, and that he promised at the time of receiving it to look over his claims and debts, and pay back whatever sum he had received more than was due him.

And he claimed that he was to pay said Buswell only six per cent, on the sums due him, and that those sums amounted only to $2,609.65 on December 4, 1869, leaving a balance of $390.35 which, with interest from that time, he claimed to recover under the count for money had and received.

The defendant denied any agreement to pay back any part of the $3,000, but claimed that it was all due said intestate. He also claimed that the rate of interest agreed upon between his father and the Eatons was eight per cent annually; and that Jonathan Eaton, brother of the plaintiff, was jointly interested in the subject matter of the suit, and should have been made co-plaintiff with Samuel; that he was left out in order to make him a witness.

The case had been previously sent to an auditor, with instructions to report the amount due, if anything, and whether there

was any such agreement as the plaintiff claimed, and what was the rate of interest, if any, agreed upon by the parties. He found for the plaintiff on the question of the agreement to repay; and he also found that there was an agreement to pay eight per cent annually. And allowing the eight per cent, he reported as due the plaintiff on December 4, 1869, $141.24 with interest from that time. Computing at six per cent simple interest, he reported $390.35 as due the plaintiff on December 4, 1869, with interest since, if the agreement to pay the eight per cent was illegal, and should be disallowed.

The auditor's report was read by the plaintiff, and then he introduced evidence to controvert it upon the question of the rate per cent.

And evidence was introduced by both parties upon all the foregoing issues, including the testimony of Jonathan Eaton, who was called by the plaintiff, the defendant objecting. The jury found a general verdict for the plaintiff for $217.85 ; and found specially in answer to questions submitted by the court, and under instructions not excepted to by either party, that Jonathan Eaton was not interested in the subject matter of the suit; and that the plaintiff Samuel Eaton agreed to pay said Buswell eight per cent.

Questions and answers of jury are as follows :

Ques. Was Jonathan Eaton jointly interested with Samuel Eaton, the plaintiff, in the subject matter of this suit ?

Ans. No.

John A. Fletcher, foreman.

Ques. What was the rate of interest, if any, agreed upon between Eaton and Joseph P. Buswell ?

Ans. Eight.

John A. Fletcher, foreman.

To the ruling of the court allowing said letter to be admitted as evidence of a previous notice and demand under the statute, and as sufficient evidence of such notice and demand, the defendant alleged exceptions

*J. Baker*, for the plaintiff.

*D. D. Stewart & A. H. Ware*, for the defendant.

APPLETON, C. J.   The statute of 1872, c. 85, § 12, provides

that "no action against an executor or administrator on a claim against the estate shall be maintained, unless such claim is first presented in writing and payment demanded at least thirty days before the action is commenced, and within two years after notice is given of his appointment."

The language is clear. Its meaning is unmistakable. In the past such action might have been maintained without such notice. In the future it shall not be.

The only notice produced fails in all the essential requirements of the statute. No claim whatever is set forth therein. The plaintiff is not indicated as the claimant. Payment is not demanded. A proposal to refer is no demand of payment. Nor is the want of such notice pleadable in abatement. The giving the required notice is essential to the plaintiff's right to recover. It should be averred in the writ and proved in the trial.

*Exceptions sustained.*

WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.